## Jacob J. Stotts v. Bethel Bates, Jr.

1. EVIDENCE—*Order of Admission.*—While it is the better practice in the introduction of evidence to commence at the beginning of the transaction and from thence build upward, yet the practice has not so far become crystalized into a rule of law as to be reversible error if departed from.

2. INSTRUCTIONS—*Harmless Error.*—An instruction, the giving of which is not prejudicial to the rights of appellant, is not reversible error.

**Assumpsit,** for board, lodging, etc. Appeal from the Circuit Court of Richland County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

JOHN LYNCH, JR., attorney for appellant.

H. G. MORRIS, attorney for appellee.

MR. JUSTICE BIGELOW DELIVERED THE OPINION OF THE COURT.

Prior to July, 1895, appellant resided at Olney, in this State, where his wife had been in poor health for some time. He sold out his home and in the latter part of the month he, accompanied by his wife, went to appellee's at Batesville, in the State of Ohio. Appellee was their son-in-law. Appellant remained there until about September 20 of that year, when he went to Kansas, where his sons were, and remained there until the latter part of January, 1896, when he returned to Batesville, where he had left his wife, a confirmed invalid, and remained there until about the tenth of May following, when he again returned to Kansas, leaving his wife helpless and without means, and never

came back to her.   She died about a month after he left.   All of the time she remained at Batesville, except about five weeks, she was at appellee's house and needed and received good care, as she had been troubled with heart disease a long time and was unable to care for herself.   This suit was brought to recover for appellant's board and for his wife's board, care, nursing and expenditures, while at appellee's house.   The jury found a verdict in favor of appellee for $350, on which the court, after overruling a motion by appellant for a new trial, rendered judgment.

Appellant assigns as errors the admission of improper evidence on the part of the plaintiff, giving plaintiff's instructions, refusing to give defendant's instruction number 1, and that the verdict is against the law and the evidence.

There is evidence in the record from which a jury might infer that a special contract was made between the parties that appellee should board appellant and his wife, but there is no evidence in regard to the price to be paid for the board.

The evidence on the part of appellee was mainly given by his neighbors in Ohio, by depositions, and the portion of their evidence objected to was as to the value of the board and services rendered appellant and his wife, and the reason given why it should not have been admitted is, that no contract between the parties had been proven at the time it was offered.

This objection only goes to the order of admitting the evidence, and not to the evidence itself.   While it is the better practice in the introduction of evidence to commence at the beginning of the transaction and from thence build upward, yet we are not aware that the practice has so far become crystalized into a rule of

law as to become reversible error if departed from. The objections to the evidence were properly overruled.

Appellee's first instruction, to which objection is made, is as follows: "The jury are instructed that if a preponderance of the evidence shows that there was an express contract on the part of the father or mother to pay for their support, care and maintenance during the time they lived with their son-in-law, the plaintiff in this case, then the jury may find for the plaintiff in such sum as the evidence shows the services were reasonably worth."

The objection to it is that the wife of appellant could not bind him by her contract. This may be admitted, and that the error in giving it should reverse the judgment, if there was any evidence to which it could apply, but we find none. The evidence of a special contract was a conversation between appellant and his wife and appellee, in regard to remaining at appellee's, on account of it costing less than it would to keep house and hire servants; and in what appellant's wife said, it may be presumed she was saying it for her husband, as it was said in his presence, and he assented to it by his silence. The jury could have understood it in no other way, and in this view the instruction did appellant no harm.

What we have said as to the first instruction, given for appellee, will apply to his remaining two instructions, to which objection is taken. Appellant's first instruction required the court to take the case from the jury because of an entire lack of evidence to support a verdict. The instruction was properly refused for two reasons: First, because there was evidence before the jury tending to prove a special contract between appellant and appellee to board appellant and his wife, as well as evidence that appellee did board them, and the reasonable value of their board; and second, be-

cause it was not asked to be given at the close of plaintiff's evidence in chief, nor until appellant had introduced all of his evidence, when it was asked in connection with another, which was given, covering appellant's entire theory of the case.

In regard to the remaining point that the "verdict of the jury is against the law and the evidence," we have already said there was evidence before the jury tending to prove a special contract, except as to the amount to be paid, and when the evidence is examined, it does not seem strange that was omitted, since no person could tell in advance what it would be worth to board and care for appellant's wife, when she went to appellee's for that purpose, as it was not possible to tell if she might improve in health, instead of getting entirely helpless, as she did some time before her death. The verdict seems just and as it is supported by the evidence on the part of appellee, we are not disposed to interfere with it, although appellant's evidence is mainly in conflict with that of appellee's. Finding no error in the record requiring a reversal of the judgment, it is affirmed.